UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00278-FDW-DSC

| | |
|---|---|
| HAROLD BOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER and NOTICE |
| ) | |
| MILLER PIPELINE, CORP., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court sua sponte following the filing of Defendant's Motion to Dismiss or, in the Alternative, Motion to Strike (Doc. No. 10), filed September 9, 2016. Defendant's Motion seeks dismissal pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff, who appears *pro se* in this matter, has failed to respond to the pending motion. Despite the passing of the response deadline, the Court typically provides notice to pro se parties of the burden they carry in responding to dispositive motions and therefore will extend the response deadline here to allow Plaintiff an opportunity to respond to the pending motion.[1]

In accordance with the principles set forth in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding *pro se*, of the burden he carries in responding

---

[1] The Fourth Circuit did not hold in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that such notice is required for motions to dismiss. Rather, the Fourth Circuit's discussion in Roseboro regarding notice was directed to summary judgment motions. See Roseboro, 528 F.2d at 310 ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); see also Norman v. Taylor, 25 F.3d 1259, 1261 (4th Cir. 1994) ("In Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), this circuit held that pro se plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them."). Nevertheless, courts routinely issue Roseboro notices for motions to dismiss, and the Court does so here.

1

to Defendant's motion. The Court also advises Plaintiff that failure to respond may result in dismissal of the complaint.

## Fed. R. Civ. Pro. 12(b)(1)

Defendant moves to dismiss the complaint pursuant to Fed. R. Civ. Pro. 12(b)(1) contending that this Court lacks subject matter jurisdiction over Plaintiff's claims. Plaintiff is advised that Rule 12(b)(1) provides for dismissal of claims against all defendants where the Court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. Pro. 12(h)(3) (emphasis added).

When a court considers its subject matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558

> (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Plaintiff is entitled to present evidence outside the pleadings if it is helpful to establishing subject matter jurisdiction in response to Defendant's Motion.

### Fed. R. Civ. Pro. 12(b)(6)

Defendant also moves to dismiss the Complaint for failure to state a claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff must show in his response to Defendant's motion that the complaint contains sufficient allegations to support a cause of action against Defendant. In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). While the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000). A court cannot "accept

3

as true allegations that contradict matters properly subject to judicial notice or by exhibit." <u>Venev v. Wyche</u>, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted).

**Deadline to Respond**

Plaintiff is advised that he has **until Friday, October 27, 2016**, to file a response to Defendant's motion in light of the above standards. Plaintiff's response must be properly served on Defendant and must include a certificate of service indicating the manner in which Plaintiff served Defendant. Defendant shall have seven (7) days after the filing of any response by Plaintiff to submit a reply. **Plaintiff's failure to respond may result in Defendant being granted the relief it seeks, that is dismissal of the complaint.**

**IT IS THEREFORE ORDERED** that Plaintiff may respond to Defendant's Motion to Dismiss (Doc. No. 10) **on or before October 27, 2016.** Failure to file a timely and persuasive response could lead to the dismissal of Plaintiff's lawsuit against Defendant.

The Clerk is respectfully DIRECTED to send a copy of this Notice and Order to Plaintiff's address of record.

**IT IS SO ORDERED.**

Signed: October 13, 2016

Frank D. Whitney
Chief United States District Judge