# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:16-CV-00278

| | | |
|---|---|---|
| **HAROLD BOYD, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **MILLER PIPELINE CORP.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Plaintiff's

Complaint or, in the Alternative, Motion to Strike Portions of Plaintiff's Complaint (Doc. No. 10);

Plaintiff's Motion for Summary Judgment (Doc. No. 21); and Defendant's Motion for Summary

Judgment (Doc. No. 22). Defendant argues in both its Motion to Dismiss and Motion for Summary

Judgment that the case should be dismissed for lack of subject matter jurisdiction. (Doc. No. 10

at 1; Doc. No. 22 at 1). After careful review of the entire record, and for the reasons stated below,

the Court dismisses this case for lack of subject matter jurisdiction.

## I.    PLAINTIFF'S INITIAL FILINGS

As an initial matter, the Court notes that due to clerical error, a portion of Plaintiff's initial

filings were docketed under a sealed ex parte document, rather than Plaintiff's complaint.

Specifically, the clerk's office inadvertently filed a hand-written statement identified as

"Supporting Facts" to the sealed document (Doc. No. 2, pp. 6-10), when, instead, it should have

been filed as an attachment to Plaintiff's complaint. (Doc. No. 1: Complaint). Nonetheless, the

Court finds this error did not prejudice Defendant. First, Plaintiff raised many of the same factual

1

allegations in his responsive pleadings, such as Plaintiff's Response to Defendant's Motion to Dismiss, filed on October 27, 2016. (Doc. No. 17). Second, Plaintiff notified Defendant that the portion of his complaint was missing from Defendant's copy during the Plaintiff's deposition on March 3, 2017. (Doc. No. 26, p. 28). Finally and most significantly, Defendant's copy of Plaintiff's WDNC-EEOC Complaint Form instructions note that claimants may attach additional sheets to assert supporting facts and, indeed, Plaintiff noted in a parenthetical in the appropriate section that "Supporting Facts [are] Attached." (Doc. No. 1: Complaint at 4). Defendant never raised this issue with the Court.

The Court now respectfully directs the Clerk of Court to refile the Plaintiff's "Supporting Facts" (Doc. No. 2, pp. 6-10) under Plaintiff's Complaint, labeled as "Doc. No. 1-2: Supporting Facts" and this Order will heretofore refer to that document under that label.

## II.      BACKGROUND

Plaintiff Harold Boyd, Jr. ("Plaintiff") brought this action, pro se, asserting causes of action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e against Defendant Miller Pipeline Corp. ("Defendant"). (Doc. No. 1: Complaint).

This action arose after Defendant terminated Plaintiff's at-will employment following two months of service. Plaintiff, an African-American male, applied to be a "Laborer" with company A&B Trenching ("A&B") on May 2, 2015. (Doc. No. 22-4). On May 6, 2015, Miller Pipeline, a gas and water pipeline installation and maintenance company, purchased A&B, at which time all A&B employees became Miller employees. (Doc. No. 22-2 at 2-3). Plaintiff received a voicemail from A&B (now Miller Pipeline) on May 7, 2016, informing him that he had been hired. (Doc. No. 26 at 27). Once the purchase of A&B was finalized, Miller Pipeline began "incorporating" A&B employees into Miller Pipeline. (Doc. No. 22-2 at 3).

After a "short time," Defendant discovered Plaintiff had not been subjected to a background check when he was hired, which was conducted on all Miller employees following an offer of employment. (Doc. No. 22-2 at 3). Plaintiff authorized a background check from his job site on June 15, 2015, which was completed on June 26, 2015. (Doc. No. 22-2 at 4). The background check revealed Plaintiff had been convicted of the following crimes: three counts for Assault on a Female, Disorderly Conduct, two counts of Use/Possession of Drug Paraphernalia, Domestic Criminal Trespass, Carrying a Concealed Weapon, two counts of Trafficking Schedule I and II drugs, and several traffic violations. (Doc. No. 22-7). Defendant's hiring policies prohibit hiring persons with certain drug violations and violent felonies. (Doc. No. 22-2 at 11-14). Plaintiff was escorted off of his jobsite on June 29, 2015. (Doc. No. 1-2: Supporting Facts at 3). Defendant sent Plaintiff an Adverse Action Letter on June 30, 2015, informing him Defendant was "unable to further consider [him] for employment." (Doc. No. 22 at 17).

Plaintiff filed a charge of racial discrimination with the Equal Employment Opportunity Commission ("EEOC") against Miller Pipeline on July 1, 2015. In the charge, under the section labeled "Discrimination Based On," Plaintiff checked the box "Race." The charge asserts the following "particulars:"

I.    I[, Plaintiff,] applied for the position of Laborer in May 2015, with the above named employer. I disclosed my arrest/conviction record to the company. On June 29, 205, I was notified that I would not be hired.
II.   On June 29, 2015, I was notified that I would not be hired due to my arrest/conviction record.
III.  I believe I have been discriminated against due to my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Doc. No. 1-1 at 1). In his Response to Defendant's Motion to Dismiss, Plaintiff alleges that he had several communications with the EEOC while filing his charge. (Doc. No. 17). Here, Plaintiff

argues the EEOC intake counselor, Ms. Hattie Murphy, directed him to file a charge for disparate impact race discrimination. (Doc. No. 17 at 1-2). Plaintiff also contends he told the EEOC investigator, Mr. Phillppe G. Feisenhardt, that only African Americans were subject to Defendant's computer testing policy. Id. at 5. Plaintiff then contended that Mr. Feisenhardt inquired into Plaintiff's criminal record and determined his termination was due to his criminal record and the nature of his crimes and Defendant's inability to supervise him while working. Id.

The EEOC closed Plaintiff's file on February 29, 2016, after determining it was unable to conclude the information obtained in its investigation established a violation of 42 U.S.C. §2000e. (Doc. No. 1-1 at 2). On February 29, 2016, Plaintiff was mailed notice of his right to sue based on the claim he filed with the EEOC. Id. On May 26, 2016, Plaintiff filed this action with the Court, alleging Defendant Miller Pipeline and Defendant Candace S. Walker[1] terminated his employment because of his race. (Doc. No. 1: Complaint). Plaintiff's complaint asserts one charge of disparate impact race discrimination, id., and appears to identify Defendant's "online testing," health coverage, and background check policies as discriminatory in effect. (Doc. No. 1: Supporting Facts).

To the extent Plaintiff's complaint also appears to allege Defendant violated the Fair Credit and Reporting Act ("FCRA") and workers compensation laws, Plaintiff clarified in his Motion for Summary Judgment that he did not intend to file any claims against Defendant other than the disparate impact claim. (Doc. No. 21 at 2) ("Plaintiff has not filed his fcra [sic] claim […] Plaintiff was not filing in this case a workers compensation claim"). The Court therefore deems these claims abandoned and need not address Defendant's motion to strike those claims in Defendant's

---

[1] Party Candace Walker was terminated from this suit on July 22, 2016. (Doc. No. 3).

Motion to Dismiss Plaintiff's Complaint or, in the Alternative, Motion to Strike Portions of Plaintiff's Complaint. (Doc. No. 10). That motion is therefore denied as moot.

On April 17, 2017, Plaintiff moved for summary judgment, (Doc. No. 21), and on April 19, 2017, Defendant moved for summary judgment (Doc. No. 22). The parties filed responses to these motions, and they are now ripe for review.

## III.    STANDARD OF REVIEW

A case shall be dismissed if a court determines that it lacks subject matter jurisdiction. Insurance Corp. of Ireland, Ltd. V. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982) ("The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties."). When a defendant challenges the truth of a claim's jurisdictional allegations, a court may go beyond the allegations of the complaint to determine whether there are facts to support the jurisdictional allegation. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982) (referencing Chatham Condominium Associations v. Century Village, Inc., 597 F.2d 1002, 1012) (2d Cir. 1979) ("In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.")).

The party asserting subject matter jurisdiction bears the burden of establishing subject matter jurisdiction. Id. A court may consider evidence by affidavit and deposition without converting the proceedings to one for summary judgment. Id. Unlike proceedings for a Rule 12(b)(6) motion, which preserves fact finding for the ultimate fact finder, 12(b)(1) proceedings require the court to weigh evidence to determine its jurisdiction. Id. To do so, the court should apply the standard applicable to a motion for summary judgment, where the moving party prevails if the material jurisdictional facts are not in dispute. Richmond, Fredericksburg & Potomac R. Co.

v. United States, 945 F.2d 765, 768 (4th Cir. 1991). When a court determines it lacks subject matter jurisdiction, "the proper course [is] to dismiss the claim instead of granting summary judgment on it." Laber v. Harvey, 438 F.3d 404, 414 n. 5 (4th Cir. 2006). In such circumstances, "the only function remaining to the court is that of announcing the fact and dismissing the cause". Jones v. Calver Group, Ltd., 551 F.3d 297, 301 (4th Cir. 2009) (quoting Steel Co. v. Citizens for a better Env't, 523 U.S. 83, 94 (1998)).

## IV. DISCUSSION

Defendant argues this Court lacks subject matter jurisdiction over this case because Plaintiff failed to exhaust his administrative remedies with the EEOC. (Doc. No. 22). Defendant cites to Plaintiff's Complaint (Doc. No. 1) as alleging facts that are not within the scope of Plaintiff's EEOC charge. (Doc. No. 1-1). Specifically, Defendant moves for dismissal because Plaintiff's EEOC Charge alleged facts consistent with disparate *treatment* discrimination when he filed the instant complaint alleging disparate *impact* discrimination. Id. Plaintiff argues his complaint should not be dismissed because he exhausted his administrative remedies by telling the EEOC intake counselor that he intended to file a disparate impact charge and told the EEOC investigator that Defendant's computer testing policy had a disparate impact on his protected class. (Doc. No. 17).

### A. The Causes of Action in Plaintiff's EEOC Charge and Complaint

Title VII prohibits employment practices in which an employer discharges or fails to hire a person with respect to their race, color, religion, sex or national origin. 42 U.S.C. 2000e-2(a). Title VII authorizes two causes of action against employers: disparate treatment discrimination and disparate impact discrimination. E.E.O.C. v. Abercrombie & Fitch Stores, Inc., 135 S. Ct. 2028, 2032 (2015). Disparate treatment discrimination alleges an employer treated a certain

employee less favorably than others because of their protected class.  Disparate impact

discrimination alleges that an employer's employment practices have a disproportionately adverse

effect on protected classes, are unrelated to the job in question, and are not a business necessity.

See Ricci v. DeStefano, 557 U.S. 557, 577 (2009).  While both causes of action have the same

purpose, they have distinct elements.  Abdus-Shahid v. Mayor and City Council of Baltimore, 674

Fed. App'x 267, 275 (4th Cir. 2017).  Disparate treatment alone requires proof of discriminatory

intent, whereas, central to a prima facie case under disparate impact theory is proof of a facially

neutral policy or practice that imposes a substantially disproportionate burden on the protected

group.  Id.  Thus, the factual allegations required to plead disparate treatment discrimination differ

from those required for disparate impact discrimination.  See id. (citing Chacko v. Patuxent Inst.,

429 F.3d 505, 509 (4th Cir. 2005)).

In Abdus-Shahid, the Fourth Circuit recently affirmed the dismissal of an employee's

claims against his employer because the plaintiff-employee's EEOC charge alleged facts

consistent with a disparate treatment claim, while his complaint asserted a disparate impact claim.

674 Fed. App'x at 276.  In that case, Abdus-Shahid alleged that the City of Baltimore dropped his

family's health insurance coverage because the program did not recognize Islamic marriage.  Id.

at 269.  The charge stated the following:

> I.  In or about July 2013, an audit was conducted which resulted in my family being dropped from my health insurance without explanation. …  When I completed the forms to [re-enroll] my family, I was informed my Islamic marriage is not recognize[d]; therefore, I have been unable to reinstate my wife to my health insurance plan. …  I am aware of another employee who is experiencing the same issue.
> II.  I have been given no explanation for the employer's actions.
> III.  I believe I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, regarding benefits because of my religion, Muslim.

Id.  The Fourth Circuit concluded Abdus-Shahid's EEOC charge lacked the central factual

allegation for a disparate impact theory: an employment policy or practice (neutral or otherwise).

Id. at 275.  The court also determined the EEOC charge failed to allege facts sufficient to allow a

conclusion that the City's actions disproportionately affected Abdus-Shahid's protected class.  Id.

(ruling the phrase "I am aware of another employee […] experiencing the same issue" to be vague

and not indicative of repeated behavior).  The court concluded that because the EEOC charge

lacked factual allegations consistent with a disparate impact theory but contained allegations of

Abdus-Shahid's personal treatment by the defendant, it sounded most consistent with disparate

treatment discrimination.  Id.  Abdus-Shahid's complaint, on the other hand, explicitly stated a

disparate impact claim.  Abdus-Shahid, 674 Fed. App'x at 274-75 ("This is a case of disparate

impact discrimination," and "Appellants … allege that the City's policy disparately impacts

them[.]") (citations omitted).  Therefore, in light of Abdus-Shahid's clear position, the court found

his complaint alleged disparate impact discrimination and did not address arguments related to a

disparate treatment claim.  Id. at 275.

      The facts of this case are similar to Abdus-Shahid.  In this case, Plaintiff's EEOC stated

the following:

> I.     I applied for the position of Laborer in May 2015, with the
> above named employer.  I disclosed my arrest/conviction
> record to the company.  On June 29, 205, I was notified
> that I would not be hired.
> II.    On June 29, 2015, I was notified that I would not be hired
> due to my arrest/conviction record.
> III.   I believe I have been discriminated against due to my race,
> Black, in violation of Title VII of the Civil Rights Act of
> 1964, as amended.

(Doc. No. 1-1 at 1).  Like the charge in Abdus-Shahid, Plaintiff's EEOC charge failed to identify

an employment policy, neutral or otherwise.  Thus, the EEOC charges in both cases fail to assert

the central element of a disparate impact theory. Also like <u>Abdus-Shahid</u>, Plaintiff's EEOC charge

focused on Defendant's actions towards Plaintiff alone, rather than Plaintiff's protected class.

Plaintiff stated: "*I* was notified *I* would not be hired due to *my* arrest/conviction record;" "*I* believe

*I* have been discriminated against due to my race." (Doc. No. 1-1 at 1) (emphasis added). For this

reason, like in <u>Abdus-Shahid</u>, this case lacks a factual allegation, vague or otherwise, to allow a

conclusion that Plaintiff's protected class was disproportionately affected by Defendant's actions.

674 Fed. App'x at 275. In conclusion, like in <u>Abdus-Shahid</u>, this Court finds Plaintiff's charge

fails to allege facts consistent with a disparate impact claim and instead alleges facts strongly

suggestive of disparate treatment discrimination.

Plaintiff's complaint, like that in <u>Abdus-Shahid</u>, explicitly alleged disparate impact

discrimination as the cause of action. (Doc. No. 1: Complaint at 4). Consistent with disparate

impact discrimination, the complaint uses phrases such as: "neutral terms and procedures that has

a disparate impact consisting of race discrimination," <u>id.</u>; "plaintiff as an African American was

subjected to neutral procedures that have a disparate impact," (Doc. No. 1-2: Supporting Facts at

1); and "no other employee of a different race was subjected to any of the terms and procedures."

<u>Id.</u> at 5. Further consistent with a disparate impact discrimination claim, Plaintiff identifies several

of Defendant's policies as having an adverse impact: failure to provide workers compensation, <u>id.</u>

at 1; new hire computer testing, <u>id.</u> at 2; and background check requirements, <u>id.</u> at 3. Therefore,

like in <u>Abdus-Shahid</u>, this Court finds Plaintiff's complaint clearly alleges disparate impact

discrimination and, in light of Plaintiff's clear position, this Court need not address any arguments

related to a disparate treatment claim. 674 Fed. App'x at 275 ("In light of Abdus-Shahid's clear

position from the opposition to motion to dismiss stage and through to appeal, we will not address

any arguments related to a disparate treatment claim because that is a cause of action he represents

he is not seeking to bring.")

**B.      The Exhaustion Requirement**

A court's subject matter jurisdiction for Title VII suits is limited in scope to the issues for

which a plaintiff has "exhausted" his administrative remedies with the Equal Employment

Opportunity Commission ("EEOC").  Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir.

2009).  To exhaust one's administrative remedies, a claimant must file a "charge" with the EEOC.

Abdus-Shahid, 674 Fed. App'x at 274.  An EEOC charge must be sufficiently precise to identify

the parties and to describe the alleged discriminatory act so as to accomplish two functions: notify

the EEOC and the employer of the scope of the allegations and provide opportunity for voluntary

compliance.  Chacko, 429 F.3d at 508, 510.  Notice is achieved when the EEOC serves the

claimant's charge on the allegedly offending employer.  42 U.S.C. § 2000e-5(b); Chacko, 429 at

509-10.  Conciliation is achieved if the EEOC is able to eliminate the charge's alleged unlawful

practice by informal means.  Chacko, 429 F.3d at 509.

A plaintiff's subsequent judicial complaint must be limited to those issues found in the

EEOC charge.  See Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996).

If "claims raised under Title VII [suits] exceed the scope of the EEOC charge and any charges that

would naturally have arisen from an investigation thereof, they are procedurally barred."  Dennis

v. County of Fairfax, 55 F.3d 151, 156.  However, because EEOC charges are not normally drafted

by lawyers, courts are to construe them liberally, requiring only that the factual allegations of the

charge reasonably relate to the factual allegations of the formal litigation.  Harrison v. South

Carolina Dept. of Mental Health, 641 Fed. App'x 202, 209 (4th Cir. 2015) (finding charge alleging

discriminatory pay in a certain year reasonably related to continued discriminatory pay in

subsequent years); See also Abdus-Shahid, 674 Fed. App'x at 276 (finding charge alleging facts related to discrimination against plaintiff not reasonably relate to complaint alleging discriminatory employment policies affecting plaintiff's class); Pacheco v. Mineta, 448 F.3d 783, 792 (5th Cir. 2006) (holding disparate impact investigation could not reasonably grow from charge alleging individualized disparate treatment without identifying neutral employment policy); Burgis v. N.Y.C. Dep't of Sanitation, 1798 F.3d 63, 71 (2d Cir. 2015) (affirming dismissal when EEOC charge alleging individualized disparate treatment not reasonably related to class-wide disparate impact discrimination).

While the exhaustion requirement should not become an overly technical barrier for plaintiffs, Syndor v. Fairfax Cty., 681 F.3d 591, 594 (4th Cir. 2012), the exhaustion requirement requires the cause of action in formal litigation reasonably relate to the facts alleged in the EEOC charge. Abdus-Shahid, 674 Fed. App'x at 276. Finally, because the EEOC charge itself functions to place defendants on notice, courts are not permitted to allow materials outside of the charge to supplement its contents. Balas v. Huntington Ingalls Industries, Inc., 711 F.3d 401, (4th Cir. 2013) (holding that complaining party's private letters to EEOC could not place defendant on notice and allowing them to supplement complaint would be "contravening the purposes of Title VII").

This Court's subject matter jurisdiction to hear Plaintiff's Title VII suit is limited to those issues which Plaintiff has exhausted his administrative remedies. Jones, 551 F.3d at 300. Plaintiff's EEOC charge alleged facts consistent with disparate treatment discrimination and did not allege facts consistent with disparate impact discrimination. Therefore, the EEOC investigated claims related to disparate treatment, Defendant was on notice Plaintiff was alleging disparate treatment, and conciliation would have been pursued only for practices related to disparate treatment. Chacko, 429 at 508-09. Thus, Plaintiff had exhausted his administrative remedies for

disparate treatment. <u>Abdus-Shahid</u>, 674 Fed. App'x at 274. Plaintiff's complaint is therefore limited in scope to the allegations in his EEOC charge, namely facts consistent with disparate treatment and not disparate impact. <u>Evans</u>, 80 F.3d at 962-63. However, as noted above, Plaintiff failed to allege facts consistent with a disparate treatment claim. Plaintiff's complaint, which explicitly alleged disparate impact (including Defendant's employment policies and those policies' effect on protected classes), therefore exceeded the scope of his EEOC charge and is procedurally barred. <u>Dennis</u>, 55 F.3d at 156. Even liberally construed, case law suggests it is unlikely Plaintiff's EEOC charge allegations for disparate treatment would give rise to an EEOC investigation for disparate impact discrimination. <u>See Abdus-Shahid</u>, 674 Fed. App'x at 276; <u>Pacheco</u>, 448 F.3d at 792; <u>Burgis</u>, 1798 F.3d at 71. Nothing in the record suggests Plaintiff raised either Defendant's hiring policy regarding criminal records or the policy's effects on persons of Plaintiff's protected class. In fact, despite Plaintiff's argument, the record indicates the EEOC investigator only inquired into Plaintiff's criminal record and concluded Plaintiff was terminated due to the nature of his crimes and Defendant's inability to supervise him. (Doc. No. 17 at 5).

The Court is careful to note the exhaustion requirement should not become an overly technical barrier to Plaintiff. <u>Syndor</u>, 681 F.3d at 594. However, like in <u>Abdus-Shahid</u>, the problem is the words of Plaintiff's EEOC charge, lacking both an employment policy and allegation that other persons of the Plaintiff's class are disproportionately affected, do not reasonably relate to a cause of action which is based on those allegations. <u>Abdus-Shahid</u>, 674 Fed. App'x at 276. For these reasons, the Court agrees with Defendant that Plaintiff's EEOC charge (Doc. No. 1-1) and Complaint (Doc. No. 1) fail to establish this Court's subject matter jurisdiction.

In his responsive pleading, Plaintiff argues he exhausted his administrative remedies when he placed the EEOC on notice he intended to file a charge for disparate impact discrimination.

(Doc. No. 17 at 1-2). Plaintiff alleges he told the EEOC investigator that Defendant's computer testing policy disproportionately affected African-Americans, and he contends the EEOC told him to file a charge for disparate impact discrimination. (Doc. No. 17 at 1-2). The Court finds this argument unavailing. First, consistent with the standard of review, no presumptive truthfulness attaches to Plaintiff's allegations and Plaintiff failed to submit these alleged facts by affidavit or deposition. For these reasons, little weight may be accorded to these statements. Furthermore, the EEOC charge itself provides notice to the Defendant of the allegedly unlawful behavior, 42 U.S.C. § 2000e-5(b), and Plaintiff's EEOC charge did not contain or reference these alleged communications. Thus, to allow these allegations to supplement the contents of the EEOC charge would contravene the notice purposes of Title VII's exhaustion requirement. Balas, 711 F.3d 401. As noted in Abdus-Shahid, "[T]he problem is that the words used in the EEOC charge do not correlate to the sort of assertions and facts from which a future cause of action based on disparate impact can be discerned." 674 F. App'x at 276 (citing Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005) (observing "the factual allegations in the administrative charge [must be] reasonably related to the factual allegations in the formal litigation" to satisfy the exhaustion requirement)).

In conclusion, this Court agrees with Defendant and finds Plaintiff failed to exhaust his administrative remedies for his claims of disparate impact discrimination, and this Court lacks subject matter jurisdiction to hear those issues in this case. Jones, 551 F.3d at 300.

## V.    CONCLUSION

IT IS, THEREFORE, ORDERED for the reasons stated above the Clerk of Court is to DIRECTED to refile the Plaintiff's "Supporting Facts" document, currently located in Doc. No. 2, pp. 6-10, under Plaintiff's Complaint (Doc. No. 1), labeled as "Doc. No. 1-2: Supporting Facts."

IT IS FURTHER ORDERED that those portions of Defendant's Motion to Dismiss and Motion for Summary Judgment (Docs. Nos. 10, 22) are GRANTED IN PART to the extent they seek dismissal based on lack of subject matter jurisdiction. Plaintiff's complaint is DISMISSED for lack of subject matter jurisdiction. Jones v. Calver Group, Ltd., 551 F.3d 297, 301 (4th Cir. 2009); Abdus-Shahid v. Mayor & City Council of Baltimore, 674 F. App'x 267 (4th Cir. 2017).

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 21), Defendant's Motion to Strike (Doc. No. 10), and the remaining portions of Defendant's Motion to Dismiss (Doc. No. 10) and Motion for Summary Judgment (Doc. No. 22) are DENIED as MOOT.

The Clerk is respectfully directed to CLOSE THIS CASE.

IT IS SO ORDERED.

Signed: July 13, 2017

Frank D. Whitney
Chief United States District Judge